UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER QUIDGEON, d/b/a DADDYO'S TATTOOS AND PIERCINGS,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN OLSEN, individually, JOHN OLSEN d/b/a BODY ART BY DADDY-O, and DADDY-O'S TATTOO'S INC., an Illinois Corporation,<br><br>    Defendants. | Case No. 10-cv-1168 |

# O R D E R  &  O P I N I O N

On January 11, 2011, this Court issued an Order and Opinion (Doc. 6) granting in part, and deferring in part, Plaintiff's Motion for Default Judgment (Doc. 4). The Court directed Plaintiff to submit additional evidence to the Court with regards to certain components of Plaintiff's requested damages. (Doc. 6 at 15). In response, Plaintiff has filed the Affidavit of Christopher Quidgeon, which is now before the Court. For the following reasons, the Court now rules that Plaintiff's Motion for Default Judgment (Doc. 4) is GRANTED in part and DENIED in part.

### DISCUSSION

Plaintiff has been doing business as Daddyo's Tattoo's and Piercings in Centralia, Illinois since 2003. On June 1, 2010, he filed suit against John Olsen individually, John Olsen doing business as Body Art by Daddy-O's, and Daddy-O's Tattoo's Inc., alleging: 1) trademark infringement, false designation of origin, and

false or misleading representations of fact in violation of 15 U.S.C. § 1125(a)(1)(A), 2) trademark infringement and unfair competition in violation of Illinois common law, 3) deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/2, and 4) injury to business reputation and dilution of a federally registered and common law mark in violation of 765 Ill. Comp. Stat. 1036/65. (Doc. 1 at 1-13).

In addition, Plaintiff sought various forms of damages, including that the Court: 1) enter a permanent injunction against Defendants enjoining them from using or displaying Plaintiff's federally registered "DADDYO'S TATTOO" service mark or any similar or confusing variation thereof, and from continuing any other acts of deception or unfair competition; 2) seize and remove from Defendants any and all property or goods bearing infringing trademarks, the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in all such violations; 3) require Defendants to account to Plaintiff for any and all profits derived by them from the sale of all goods/or services derived through or associated with their acts of infringement, unfair competition, and/or dilution, and award Plaintiff damages to compensate him for loss of revenue, loss of goodwill, and damage to goodwill and reputation; 4) order that all products, systems, merchandise, labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other tangible items in Defendants' possession bearing the mark "DADDY-O'S TATTOO'S" or "BODY ART BY DADDY-O" or trademarks confusing similar thereto, as well as all molds, plates, mortices, computer programs and files, and all other tangible and/or intangible means of making the same be accounted, delivered up, and destroyed; 5) award Plaintiff all damages suffered as well as all of

2

Defendants' profits; 6) award Plaintiff treble damages or profits, whichever is greater; 7) award Plaintiff attorneys' fees in the amount of $4,572.30; 8) impose punitive damages upon Defendants in the amount of $5,000.00; 9) assess the costs of this action against Defendants; and 10) award Plaintiff both pre-judgment and post-judgment interest.

In its Order and Opinion of January 11, 2011, this Court placed Defendant in Default, and therefore found that Defendant was liable under all four counts of Plaintiff's Complaint. (Doc. 6 at 5). With regards to damages, the Court found that Plaintiff was entitled to its attorney's fees, costs, and punitive damages, as well as post-judgment interest to accrue thereon. (Doc. 6 at 12-15). The Court deferred judgment with regards to Plaintiff's request for a permanent injunction, an accounting of profits and award of damages for loss of revenue and goodwill, the delivery and destruction of infringing items and their means of production, and the awarding of treble damages and pre-judgment interest. (Doc. 6 at 6-12). The Court also provided Plaintiff with instructions on the kind of evidence it would need in order to properly rule upon these forms of requested damages. (Doc. 6). Plaintiff has now proffered its evidence in response to the Court's directive (Doc. 7), and the Court will analyze the forms of damages on which it previously deferred judgment.

**A. Permanent Injunction**

The first form of relief sought by Plaintiff, upon which the Court deferred judgment, is a permanent injunction enjoining and restraining Defendants from using or displaying Plaintiff's federally registered "DADDYO'S TATTOO" service mark and/or common law marks, or any similar or confusing variations thereof,

including "DADDY-O'S TATTOO'S" and/or "BODY ART BY DADDY-O," in its trade names, advertising, invoices, stationary, directory listings, domain names, websites, Internet megatags, keywords for Internet search engines, post URL or forwarding commands, hyperlinks, and any other electronic coding and search terms, and from continuing any and all acts of deception or unfair competition. (Doc. 4 at 2). This Court has the power to issue such an injunction pursuant to 15 U.S.C. § 1116(a), as well as 765 Ill. Comp. Stat. 1036/65.

Before the Court may award a permanent injunction, however, Plaintiff must demonstrate: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant[s], a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *e360 Insight*, 500 F.3d at 604. In its Order and Opinion of January 11, 2011, the Court directed Plaintiff to submit evidence "that establishes that Plaintiff has or continues to suffer a loss of goodwill, reputation, and/or profits as a result of Defendant's violations." In response, Plaintiff has submitted the affidavit of Christopher Quidgeon, the owner and operator of Daddyo's Tattoo's and Piercings. (Doc. 7-1).

According to Quidgeon, after Olsen began doing business as Body Art by Daddy-O's and Daddy-O's Tattoo's Inc., Quidgeon received complaints about the quality of their work, as well as phone calls questioning whether or not the two companies were associated. (Doc. 7-1 at 2). In addition, Quidgeon alleges that his company has lost business at a tradeshow due to confusion regarding the identity of

Defendant's operation, and that he loses business in general due to customers' belief that the two enterprises are associated. The Seventh Circuit has established that "damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate remedy at law." *Re/Max North Century, Inc. v. Cook*, 272 F.3d 424, 432 (7th Cir. 2001). Accordingly, the Court finds that Plaintiff has put on sufficient evidence to be awarded a permanent injunction, and Plaintiff's request for such relief is GRANTED.

### B. Accounting of Profits and Award of Damages for Loss of Revenue and Goodwill

The next form of damages upon which the Court deferred judgment was Plaintiff's request that Defendants be required to account to Plaintiff for any and all profits derived by Defendants from the sale of all goods and/or services derived through or associated with Defendants' acts of infringement, unfair competition, and/or dilution; and further that Plaintiff be awarded damages for Defendant's infringement, unfair competition, and/or dilution of Plaintiff's mark and Defendant's unfair trade practices so as to compensate Plaintiff for all damages, including loss of revenue, loss of goodwill, and damage to its goodwill and reputation as a result of Defendants' acts. In deferring judgment on this matter, the Court directed Plaintiff to submit evidence of Defendant's sales, or, in the alternative, evidence of actual losses of sales, profits, or goodwill. Plaintiff has failed to put forth any evidence of its own actual losses or Defendant's actual sales which arose due to Defendants' violations. Because Plaintiff has not put forward such evidence, its request for such damages is DENIED.

### C. Delivery and Destruction of Infringing Items and Means of Production

In its Order and Opinion of January 11, 2011, the Court also deferred ruling on Plaintiff's request that all products, systems, merchandise, labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other tangible items in possession of Defendants bearing the mark "DADDY-O'S TATTOO'S" and/or "BODY ART BY DADDY-O" or trademarks confusingly similar thereto, as well as all molds, plates, mortices, computer programs and files, and all other tangible and/or intangible means of making the same to be accounted, delivered up, and destroyed. (Doc. 6 at 10-11). Plaintiff requested such relief pursuant to 15 U.S.C. § 1118. The Court indicated that it would decide whether or not to order such delivery and destruction after it decided whether to enter a permanent injunction and upon a proper showing by Plaintiff that he had notified the United States attorney of his intention to seek such order pursuant to § 1118. (Doc. 6 at 10-11). Because Plaintiff has not put on any evidence that he has properly notified the United States attorney in conformance with § 1118, his request for such an order must be DENIED.[1]

### D. Treble Damages and Prejudgment Interest

Finally, while the Court found that the awarding of treble damages and pre-judgment interest may be appropriate in this case, it deferred entering such ruling until Plaintiff provided actual evidence of damages. (Doc. 6 at 12; 15). As

---

[1] Moreover, the Court finds that because a permanent injunction has been entered against Defendant, such an order would be unnecessary. *See Breaking the Chain Foundation, Inc. v. Capital Educational Support, Inc.*, 589 F.Supp.2d 24, 33 (D.D.C. 2008).

previously discussed, Plaintiff has failed to submit any evidence of actual damages. Accordingly, it is not possible for treble damages or pre-judgment interest to be awarded thereon, and Plaintiff's requests for such remedies are DENIED.

## Conclusion

For the foregoing reasons, and the reasons expressed in this Court's Order and Opinion of January 11, 2011, Plaintiff's Motion for Default Judgment is GRANTED in part and DENIED in part. The Clerk is DIRECTED TO ENTER JUDGMENT in favor of Plaintiff and against Defendant in the amount of $10,103.60,[2] with post-judgment interest to accrue thereon in conformance with 28 U.S.C. § 1961. Further, Defendant is hereby enjoined from using or displaying Plaintiff's federally registered "DADDYO'S TATTOO" service mark and/or common law marks, or any similar or confusing variations thereof, including "DADDY-O'S TATTOO'S" and/or "BODY ART BY DADDY-O," in its trade names, advertising, invoices, stationary, directory listings, domain names, websites, Internet megatags, keywords for Internet search engines, post URL or forwarding commands, hyperlinks, and any other electronic coding and search terms, and from continuing any and all acts of deception or unfair competition. All other relief requested by Plaintiff is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

---

[2] This amount is comprised of $5,000 in punitive damages, $531.30 in Plaintiff's costs, and $4,572.30 in Plaintiff's attorneys' fees.

Entered this 19th day of April, 2011.

                                                                        s/ Joe B. McDade
                                                                        JOE BILLY McDADE
                                                   United States Senior District Judge